## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WALTER POSS, | |
| *Plaintiff*, | |
| v. | No. 23-cv-2199 (DLF) |
| JEFFREY KERN, *et al.*, | |
| *Defendants.* | |

## <u>MEMORANDUM OPINION</u>

Walter Poss brings this suit against defendants Jeffrey Kern, the Aerospace Corporation, and the U.S. Department of Defense ("DOD") alleging they defamed him and acted arbitrarily and capriciously in violation of 5 U.S.C. § 706. Before the Court is Kern and Aerospace's Motion to Dismiss, Dkt. 17, DOD's Motion to Dismiss or alternatively Motion to Transfer, Dkt. 22, and Poss's Motion to Transfer, Dkt. 25. For the reasons that follow, the Court will grant DOD's motion to dismiss, grant in part Kern and Aerospace's motion to dismiss, and deny Poss's motion to transfer.

## I.    BACKGROUND

From 2014 to 2018, Walter Poss, a Tennessee resident, worked at the Virginia branch of Aerospace Corporation. Complaint ¶¶ 1–2, 8, Dkt. 1. As part of his employment, Poss maintained multiple security clearances. *Id.* ¶ 10. In early 2018, Aerospace informed Poss it was letting him go due to a "Reduction in Work Force." *Id.* ¶ 23. His departure was amicable, and at no point did anyone at Aerospace suggest that he had been terminated for poor performance or was ineligible for rehire. *Id.* ¶ 26.

Poss found employment with the U.S. Department of Agriculture ("USDA") and, in 2022, was asked to update his information for his security clearances. *Id.* ¶ 29. As part of the update, Aerospace was sent a form asking about Poss's employment history. *Id.* ¶ 30. Jeffrey Kern, Poss's former coworker and a continued employee at Aerospace living in California, handled the information request. *Id.* ¶¶ 31, 3. Rather than reporting that Poss was let go during a workforce reduction, Kern claimed Poss was "fired for being belligerent, verbally abusive, and for creating a hostile work environment." *Id.* ¶ 35. Upon learning the information in Kern's report, USDA initiated an internal investigation into the discrepancies between Poss's self-reported employment history and the one from Aerospace. *Id.* ¶ 47. The report was also placed in a database maintained by DOD, which allows federal agencies and contractors access to records on potential employees who have security clearances. *Id.* ¶ 46. Although Poss still has a security clearance, he fears he cannot obtain new employment and risks having his clearance revoked. *Id.* ¶ 68.

Believing Kern intentionally lied on the report to defame Poss due to conflict they had as coworkers, Poss brought this lawsuit for defamation against Kern and Aerospace. *Id.* ¶ 58. He also sued DOD, claiming that it acted arbitrarily and capriciously by not determining the truth of the report before placing it in its database. *Id.* ¶ 64; 5 U.S.C. § 706(2)(A). Kern and Aerospace filed a motion to dismiss, arguing this Court lacks personal jurisdiction over them. Aerospace & Kern Mot. to Dismiss, Dkt. 17. DOD also filed a motion to dismiss for failure to state a claim, or in the alternative, to transfer this action to the Eastern District of Virginia. DOD Mot. to Dismiss, Dkt. 22. Poss opposes the defendants' motions and, in the alternative, moves to transfer the case to the Eastern District of Virginia. Opp'n to DOD, Dkt. 26; Opp'n to Aerospace & Kern, Dkt. 24 ("Opp'n"); Mot. to Transfer, Dkt. 25.

Without question, Poss's defamation claim against DOD and his APA claims against Aerospace and Kern are not viable claims, *see* Opp'n to DOD, at 1; Opp'n, at 1 n.1, so the Court will not analyze them here.  In short, Poss's defamation claim against DOD will be dismissed under Rule 12(b)(1) because the federal government has not waived its sovereign immunity for defamation claims.  *See* 28 U.S.C. § 2680(h); *Kugel v. United States*, 947 F.2d 1504, 1507 (D.C. Cir. 1991).  His APA claims against Aerospace and Kern will be dismissed under Rule 12(b)(6) because such claims can only be brought against the federal government.  *Jefferson v. Harris*, 170 F. Supp. 3d 194, 217 (D.D.C. 2016).

## II.    LEGAL STANDARDS

### A.    Rule 12(b)(2)

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a party may move to dismiss an action when the court lacks personal jurisdiction.  Fed. R. Civ. P. 12(b)(2).  "On such a motion, the plaintiff bears the burden of 'establishing a factual basis for the exercise of personal jurisdiction' over each defendant."  *Triple Up Ltd. v. Youku Tudou Inc.*, 235 F. Supp. 3d 15, 20 (D.D.C. 2017) (quoting *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990)).  To meet this burden, a plaintiff cannot rely on conclusory allegations, *id.*, but rather must allege specific facts connecting the defendant with the forum, *see Shibeshi v. United States*, 932 F. Supp. 2d 1, 2–3 (D.D.C. 2013).  When ruling on a 12(b)(2) motion, the court "may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts."  *Triple*

*Up Ltd.*, 235 F. Supp. 3d at 20 (citation omitted).  "Ultimately, the [c]ourt must satisfy itself that it has jurisdiction to hear the suit."  *Id.* at 20–21 (cleaned up).

### B.      Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss the complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, a complaint must contain factual matter sufficient to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A facially plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This standard does not amount to a specific probability requirement, but it does require "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").  A complaint need not contain "detailed factual allegations," *Iqbal*, 556 U.S. at 678, but alleging facts that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility," *id.* (internal quotation marks omitted).

Well-pleaded factual allegations are "entitled to [an] assumption of truth," *id.* at 679, and the court construes the complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged," *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotation marks omitted).  The assumption of truth does not apply, however, to a "legal conclusion couched as a factual allegation."  *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).  An "unadorned, the defendant-unlawfully-harmed-me accusation" is not credited, *id.*; likewise, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Ultimately, "[d]etermining whether a complaint

states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When deciding a Rule 12(b)(6) motion, the court may consider only the complaint itself, documents attached to the complaint, documents incorporated by reference in the complaint, and judicially noticeable materials. *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). A Rule 12(b)(6) dismissal "is a resolution on the merits and is ordinarily prejudicial." *Okusami v. Psychiatric Inst. of Wash., Inc.*, 959 F.2d 1062, 1066 (D.C. Cir. 1992).

## III.    ANALYSIS

Poss's defamation claim against Kern must be dismissed under Rule 12(b)(2) because Kern cannot be reached by D.C.'s long arm statute. His motion to transfer likewise fails because the Eastern District of Virginia also lacks personal jurisdiction over Kern. At least at this early stage, however, Poss's defamation claim against Aerospace survives pending jurisdictional discovery. Finally, the Court will dismiss his APA claim against DOD because the Privacy Act, 5 U.S.C. § 552a, provides an adequate remedy in the form of *de novo* judicial review of the DOD's record maintenance.

### A.    Defamation

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). Courts "may exercise one of two types of personal jurisdiction: (1) 'general or all-purpose jurisdiction' or (2) 'specific or case-linked jurisdiction.'" *Lewis v. Full Sail, LLC*, 266 F. Supp. 3d 320, 323 (D.D.C. 2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "To establish [specific] personal jurisdiction, [a] plaintiff[] must (1) plead facts sufficient to show that jurisdiction is appropriate under the District of Columbia's long-arm statute and (2) satisfy the

'minimum contacts' demands of constitutional due process." *Fuentes-Fernandez & Co. v. Caballero & Castellanos, PL*, 770 F. Supp. 2d 277, 281 (D.D.C. 2011) (quoting *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995)).

      1.   *Personal Jurisdiction*

Specific jurisdiction "is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear*, 564 U.S. at 919 (citation and internal quotation marks omitted). For suits in D.C., a plaintiff may avail himself of D.C.'s long-arm statute. Poss argues this Court has personal jurisdiction under D.C. Code § 13-423(a)(4) which grants personal jurisdiction over defendants if: (1) the plaintiff is injured in D.C.; (2) by actions of the defendants outside of D.C.; and (3) the defendant "regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." *Id.* § 13-423(a)(4). The third prong ensures that D.C.'s long-arm statute comports with the requirements of the Constitution. *Etchebarne-Bourdin v. Radice,* 982 A.2d 752, 762 (D.C. 2009). To support jurisdiction, Poss alleges that his injury occurred when his D.C.-based employer viewed the defamatory report and initiated an investigation in D.C., and that the defendants engaged in a persistent course of conduct with D.C. federal agencies. Opp'n, at 7.

To establish the first prong, Poss alleges he experienced reputational injury at his place of employment in D.C. *Id.* at 8. Ordinarily, injury from defamation occurs where the defamed person resides. *See Etchebarne-Bourdin*, 982 A.2d at 763 n.9. But the person's place of employment could also be a possible location, especially when, as here, the plaintiff alleges reputational injury. *Weyrich v. New Republic, Inc.*, 235 F.3d 617, 626–27 (D.C. Cir. 2001) (concluding place of defamation injury occurred in location of livelihood and workplace); *Nunes v. WP Co.*, No. 21-cv-

00506 (CJN), 2021 WL 3550896, at *8 (D.D.C. Aug. 11, 2021) (concluding that for choice of law

purposes, the place of work was more suitable than domicile for reputational injury); *Helmer v.*

*Doletskaya*, 393 F.3d 201, 208 (D.C. Cir. 2004) ("[E]motional or reputational injury occurs where

the plaintiff lives or works."). This rationale applies because Poss alleges that the harm occurred

when USDA, a D.C. agency, received the allegedly defamatory report. *See* Compl. ¶ 47; Opp'n,

at 8. He further alleges that USDA initiated an investigation in D.C. and that his reputation was

injured within the D.C. agency. Compl. ¶¶ 47–49. Even though Poss resides in Tennessee, his

complaint sufficiently pleads that his injury occurred at his D.C. workplace, rather than his

domicile.

Poss runs into difficulties with the third prong, however. To show the defendants engaged

in a persistent course of conduct, Poss must establish that Kern "engages in some persistent course

of conduct or derives substantial revenue from the District." *Moncrief v. Lexington Herald-Leader*

*Co.*, 807 F.2d 217, 221 (D.C. Cir. 1986). Jurisdiction over an individual corporate employee

cannot follow exclusively from the Court's jurisdiction over the corporation. *Keeton v. Hustler*

*Magazine, Inc.,* 465 U.S. 770, 781 n.13 (1984); *Tierney v. de Wet*, 695 F. Supp. 3d 69, 85–86

(D.D.C. 2023). Instead, jurisdiction must be assessed individually. *Keeton*, 465 U.S. at 781 n.13.

Notably, apart from Kern's employment with Aerospace, Poss offers no facts to suggest that Kern

has engaged in a persistent course of conduct with D.C. Nor does Poss offer any good faith basis

for believing further discovery would reveal facts supporting jurisdiction. Moreover, Kern attests

in his affidavit that he has only occasionally visited the District for either vacation or work. Kern

Aff. ¶ 14, Dkt. 27-1; *see United States v. Philip Morris Inc.,* 116 F. Supp. 2d 116, 120 n.4 (D.D.C.

2000) ("[The Court] may receive and weigh affidavits and other relevant matter to assist it in

determining the jurisdictional facts."). "[S]cant[] affiliations" are not enough to establish personal

jurisdiction over Kern.  *Crane v. Carr*, 814 F.2d 758, 764 (D.C. Cir. 1987) (Bader Ginsburg, J.); *Lewy v. S. Poverty L. Ctr., Inc., Inc.*, 723 F. Supp. 2d 116, 124 (D.D.C. 2010) (noting occasional travel insufficient for jurisdiction).  Thus, the Court will dismiss the claims against Kern for lack of personal jurisdiction.

Turning to Aerospace, Poss alleges that the company has contracts with "numerous federal agencies," including NASA and the National Oceanic and Atmospheric Administration, both of which are headquartered in D.C.[1]  *See* Opp'n, at 9.  Although ordinarily, contacts exclusively with the federal government are not enough to establish personal jurisdiction, that rule does not apply to § (a)(4) of D.C.'s long-arm statute.  *Akhmetshin v. Browder*, 275 A.3d 290, 296 (D.C. 2022). Poss does not just make "conclusory" claims that Aerospace has continuous conduct connecting to the District.  *See* Reply, at 11, Dkt. 27.  Rather, he alleges specific facts—the existence of actual contracts, *see* Opp'n, at 9—to support his claims,  *Azamar v. Stern*, 662 F. Supp. 2d 166, 171 (D.D.C. 2009).  The ambiguity in the contracts that Aerospace highlights, *see* Reply at 11, is best resolved by Aerospace itself.  After all, Aerospace has access to the details of its own contracts.

It is well established that a plaintiff must have "ample opportunity to secure and present evidence relevant to the existence of jurisdiction," *Phoenix Consulting Inc. v. Rep. of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000) (internal quotation marks omitted), and "[t]his Circuit's standard for permitting jurisdictional discovery is quite liberal," *Diamond Chem. Co. v. Atofina Chems., Inc.*, 268 F. Supp. 2d 1, 15 (D.D.C. 2003).  Because the D.C. Circuit "require[s] that plaintiffs be given an opportunity for discovery of facts necessary to establish jurisdiction prior to decision of a 12(b)(1) motion," *Ignatiev v. United States*, 238 F.3d 464, 467 (D.C. Cir. 2001), "dismissal would

---

[1] To the extent these agency headquarters are not alleged in the complaint, the Court will take judicial notice of that both are headquartered in D.C.  *See Chin-Young v. Esper*, No. 18-cv-2072 (RDM), 2019 WL 4247260, at *5 (D.D.C. Sept. 6, 2019).

be premature," *Chow v. Wash. Metro. Area Transit Auth.*, 391 F. Supp. 3d 37, 42 (D.D.C. 2019). Viewing the alleged facts in the light most favorable to Poss, further discovery into Aerospace's government contracts is appropriate.  *See Crane v. Carr*, 814 F. Supp. 2d at 760 n.2 (collecting cases reversing dismissals for lack of personal jurisdiction when the court failed to allow discovery).  Accordingly, the Court will allow Poss limited jurisdictional discovery to determine (1) which federal agencies have contracts with Aerospace; and (2) whether Aerospace provides services to those agencies in D.C.

2.    *Transfer*

In the alternative, Poss requests that the Court transfer the case against Kern to the Eastern District of Virginia.  Opp'n, at 10.  The Court will deny Poss's motion to transfer as to Kern because he lives and works in California, *see* Kern Aff. ¶ 2, and Virginia's personal jurisdiction over Aerospace is not enough to extend personal jurisdiction to Kern, *see e.g.*, *Columbia Briargate Co. v. First Nat'l Bank,* 713 F.2d 1052, 1061 (4th Cir. 1983); *Cordova v. Alper*, No. 127502, 172027, 2004 WL 516230, at *17 (Va. Cir. Ct. Feb. 24, 2004).

To establish personal jurisdiction over Kern in the Virginia district court, Poss cannot avail himself of Virginia's long-arm statute, Va. Code § 8.01-328.1.  Sections 8.01-328.1(A)(3) and (A)(4) do not apply because Poss alleges that his injury occurred in D.C., not in Virginia, *see* Opp'n, at 4.  Although this Court will not exclude the possibility that a person could be defamed in two locations, Poss does not allege any specific facts that show that he experienced injury in Virginia, a place where he neither lives nor works.  Nor does § 8.01-328.1(A)(1)—which grants jurisdiction over defendants "transacting any business" in Virginia—apply here because Kern's contacts to Virginia are less significant than those found to qualify as transacting business.  Kern is employed by Aerospace, which is incorporated in California.  The parties dispute whether

Aerospace's principal place of business is in California or Virginia.  Aerospace & Kern Mot. to Dismiss, at 2 n.2; Opp'n at 2.  But Kern works in California and few of his work responsibilities involved any activities in Virginia.  Kern Aff. ¶¶ 2, 7–18.

In *English & Smith v. Metzger*, the Fourth Circuit found a transaction sufficient to grant jurisdiction in Virginia when a California lawyer communicated and contracted with a Virginia lawyer for a fee agreement.  901 F.2d 36, 37–40 (4th Cir. 1990).  The California defendant reached out to the plaintiff in Virginia, negotiated through communications to Virginia, and knew that the plaintiff lived in Virginia and would perform the work in Virginia.  *Id.* at 39–40.  By contrast, Kern entered into his employment contract with Aerospace in California.  *Cf.* Kern Aff.  ¶¶ 2, 12, 20.

The instant case is more like *National Corporate Housing, Inc. v. Ayres*, No. 11-cv-1391 (AJT-TCB), 2012 WL 1081170 (E.D. Va. March 28, 2012).  There, the defendant was employed by a Virginia company and communicated with Virginia customers.  *Id.* at *5.  She had also been to Virginia on trips unrelated to work and used the plaintiff's Virginia resources.  *Id.*  Despite these contacts with the state, the *Ayres* court found that it lacked personal jurisdiction over the defendant.  *Id.* at *6.  Kern's contacts with Virginia are even less than those in *Ayres*.

Poss tries to establish jurisdiction by pointing to: (1) Kern's supervision of Aerospace employees in Virginia; (2) Kern's knowledge of Poss's actions while Poss was employed at the Virginia branch; and (3) Kern's submission of the defamatory report to DOD in Virginia.  Opp'n at 14–15.  Those facts are not enough to establish personal jurisdiction over Kern.  Serving in a remote supervisory or managerial position is not transacting business.  *See Ayres*, 2012 WL 1081170, at *6.  Communicating with a party in Virginia, without more, is insufficient to invoke Virginia's long-arm statute.  *Compare Unidyne Corp. v. Aerolineas Argentinas,* 590 F. Supp. 391, 396 (E.D. Va. 1984) (holding "[m]ere telephone conversations, telex messages and letters

*negotiating* a transaction are insufficient to form a basis for in personam jurisdiction") *with Peanut Corp. of Am. v. Hollywood Brands, Inc.,* 696 F.2d 311, 314 (4th Cir. 1982) (holding exchange of calls and emails enough when they formed basis of contract).  Here, none of Kern's communication to Virginia led to the formation of a contract.  Nor can jurisdiction be invoked by Kern sending defamatory statements to Virginia.  *See Nathan v. Takeda Pharm. Am. Inc.*, No. cl-2010-2064, 2011 WL 8947650, at *9 (Va. Cir. Ct. Aug. 2, 2011).  True, Kern's defamatory statements related to conduct at the Virginia Aerospace facility, one of Aerospace's main offices and headquarters.  Opp'n at 2.  But Kern's minimal connection to that office, especially when Poss himself alleges the injury occurred in D.C., is insufficient to establish personal jurisdiction over Kern.  *See Ayres*, 2012 WL 1081170 at, *6.

## B.    APA Claim

The APA provides for judicial review of a "final agency action for which there is no other adequate remedy in a court."  5 U.S.C. § 704.  Section 704 of the APA serves as a "general grant of review," but does not "duplicate existing procedures for review of agency action."  *Citizens for Resp. and Ethics in Wash. v. DOJ* ("*CREW*"), 846 F.3d 1235, 1244 (D.C. Cir. 2017) (quoting *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988)).  If an existing remedy provides adequate relief, that relief has a "preclusive effect" on claims under the APA.  *CREW*, 846 F.3d at 1245.  An alternative remedy is adequate if it provides an "independent cause of action" or an "alternative review procedure."  *El Rio Santa Cruz Neighborhood Health Ctr., Inc., v. HHS*, 396 F.3d 1265, 1270 (D.C. Cir. 2005) (citations omitted).  The "relevant question" is not whether the alternative is as "effective" as the relief provided under the APA, but whether it is "adequate" under the APA.  *Garcia v. Vilsack*, 563 F.3d 519, 525 (D.C. Cir. 2009).  An adequate alternative does not need to provide relief "identical" to that available to a party under the APA—it must merely be of the

"'same genre.'" *Id.* at 522 (quoting *El Rio*, 396 F.3d at 1272).  An explicit statutory provision for *de novo* judicial review is "further evidence" that a procedure is an adequate alternative, *CREW*, 846 F.3d at 1245, because a party generally should not be entitled to "utilize simultaneously both [the review provision] and the APA," *El Rio*, 396 F.3d at 1270 (quoting *Env't Def. Fund v. Reilly*, 909 F.2d 1497, 1501 (D.C. Cir. 1990)).

The Privacy Act provides an adequate alternative to the relief available under the APA. The statute requires federal agencies to maintain records with "such accuracy" that is "reasonably necessary to assure fairness" to the individual who is the subject of those records.  5 U.S.C. § 552a(e)(5).  The Act also requires agencies to make those records available to the individual, *id.* § 552a(d)(1), and correct any inaccurate record at the request of the individual, *id.* § 552a(d)(2). And the Act creates an explicit path to judicial review of individuals' requests: it grants district courts "de novo" authority to "enjoin the agency from withholding the records" and to "order the agency to amend" inaccurate or incomplete records.  *Id.* §§ 552a(g)(2)(A), (3)(A).  That judicial review provision is precisely the type of "special and adequate review procedure" Congress "immunized from duplicative APA review."  *CREW*, 846 F.3d at 1245–46 (cleaned up); *Haleem v. DOD*, No. 23-cv-1471 (JEB), 2024 WL 230289, at *14 (D.D.C. Jan. 22, 2024).  Accordingly, courts in this district have consistently denied claims under the APA when they seek remedies available under the Privacy Act.  *See, e.g.*, *Haleem*, 2024 WL 230289 at *14 (finding the Privacy Act precluded an APA claim for declaratory relief that the agency violated its own record-disclosure policies); *Harrison v. BOP*, 248 F. Supp. 3d 172, 182 (D.D.C. 2017) (finding the Privacy Act precluded an APA claim that agency failed to provide requested records); *Wilson v. McHugh*, 842 F. Supp. 2d 310, 320 (D.D.C. 2012) (finding the Privacy Act precluded an APA claim that an agency improperly refused to take down a press release).

The relief that Poss seeks through the APA—removal and deletion of the allegedly defamatory report from DOD's database, Compl., at 13–14—is available under the Privacy Act. *See* 5 U.S.C. §§ 552a(g)(2)–(3); *Majid v. FBI*, 245 F. Supp. 3d 63, 69 (D.D.C. 2017) ("If the agency refuses to amend the record, the individual may then seek judicial review of that determination.").  If anything, the Privacy Act offers *greater* relief than the APA because, in addition to allowing for injunctive relief, it contemplates monetary damages for intentional maintenance of inaccurate records that harms the plaintiff.  *Compare* 5 U.S.C. §§ 522a(g)(1)(C)–(D), (4) (allowing money damages) *with* 5 U.S.C. § 702 (allowing only relief "other than money damages").  Thus, Poss cannot seek relief under the APA to compel the report's removal.

Poss incorrectly posits that the Privacy Act only allows for *correction* of records, rather than complete *removal*.  Opp'n, to DOD, at 9.  The D.C. Circuit has "repeatedly recognized a plaintiff may request expungement of agency records for . . . violations of the Privacy Act." *Abdelfattah v. DHS*, 787 F.3d 524, 534 (D.C. Cir. 2015).  The Court also doubts Poss's claim that the Privacy Act does not allow for the Court to require DOD to notify any persons who read the defamatory report that it has been removed for inaccuracy.  Opp'n to DOD, at 9.  After all, the Act authorizes injunctive relief for amendments in any "other way as the court may direct."  5 U.S.C. § 552a(g)(2)(A); *cf. Haleem*, 2024 WL 230289, at *14 (noting that relief beyond the "average relief" under the Privacy Act may still be within the court's equitable authority to provide).  In any event, the relief need not be identical to be adequate.  *See CREW*, 846 F.3d at 1246 (affirming adequacy of relief as long as there is no "yawning gap"); *cf. Radack v. DOJ*, 402 F. Supp. 2d 99, 104 (D.D.C. 2005) (rejecting adequacy of *only* monetary damages with no form of equitable relief).  In this context, the Privacy Act provides Poss with the same type of equitable relief he requests.  Poss therefore cannot rely on the APA for duplicative relief.  *Bowen*, 487 U.S. at 903.

Because the Privacy Act statutory scheme provides adequate procedures for remedying the DOD's purported improper maintenance of defamatory information, the Court need not consider DOD's other bases for dismissal, *see* DOD Mot. to Dismiss, at 8–12, and will dismiss the APA claim under Rule 12(b)(6) for failure to state a claim.

## CONCLUSION

For the foregoing reasons, the case against Kern is dismissed under Rule 12(b)(2) for lack of personal jurisdiction. The case against the Department of Defense is dismissed under Rule 12(b)(6) for failure to state a claim. The defamation claim against Aerospace remains pending jurisdictional discovery. A separate order consistent with this decision accompanies this memorandum opinion.

DABNEY L. FRIEDRICH
United States District Judge

September 25, 2024